FILED

FEB 10 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| In re: | ) | Case No. 09-45778-E-13L |
|---|---|---|
| RAJ SINGH, | ) ) ) | Docket Control No. NLE-2 |
| Debtor. | ) ) | |

**MEMORANDUM OF DECISION**

The court issues this Memorandum of Decision as its Findings of Facts and Conclusions of Law in support of its order denying, without prejudice, the Trustee's *Ex Parte* Application for Extension of Time for Responses and Request for Continued Hearing.

At the regularly scheduled hearing on January 19, 2010 the court considered the Trustee's Motion to dismiss this Chapter 13 case filed by Raj Singh and the counter-motion filed by Raj Singh to Change Trustee and to Stop Frauds Upon the Court. The hearings on both motions were continued to March 9, 2010, with the court setting briefing schedules for the parties in both Motions.

On February 5, 2010, the Trustee filed an ex parte Application to extend the briefing schedules for all parties. The Application states that there was confusion in the Trustee's office and there may be confusion between the parties as to the dates. It is further stated in the Application that counsel for the Trustee believes that Mr. Singh would not oppose the extension.

Unfortunately, no evidence of these facts was presented with the Application.

Whether substantive motions, such as the Trustee's Motion to Dismiss or Mr. Singh's Motion to Change Trustee, or procedural scheduling motions such as for the extension of time, both are governed by the same rules. Motions submitted to the court must be supported by evidence of the facts alleged therein. Commonly this is done by declarations, wherein the person providing the evidence does so under penalty of perjury, and thereby subject to all of the responsibilities and obligations which go with providing such testimony to the court.

While the court is cognizant that the justice system is structure for disputes to be resolved on their merits and procedural time lines may be modified to facilitate that end, the court cannot modify the briefing schedule solely on the unsupported Application of a party.

The court has denied the Application without prejudice. The Trustee and Mr. Singh may submit a stipulation to continue the hearing and reset the briefing schedules. If such stipulation cannot be reached, either party may file a Motion to have the hearing continued, and support that motion with competent evidence in support thereof, which commonly includes information of the efforts to obtain a stipulation, why the continuance is needed, and how the continuance will facilitate the judicial process of the fair and final determination of issues.

Dated: 2/9/2010

RONALD H. SARGIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

| Raj Singh | Lawrence Loheit | Office of the U.S. Trustee |
|---|---|---|
| PO Box 162783 | PO Box 1858 | Robert T Matsui United |
| Sacramento, CA 95816 | Sacramento, CA 95812-1858 | States Courthouse |
| | | 501 I Street, Room 7-500 |
| | | Sacramento, CA 95814 |

DATED: 02/10/10            By: *Marilyn Rigsby*
                                Deputy Clerk

EDC 3-070 (New 4/21/00)